# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2012

Lyle W. Cayce
Clerk

No. 11-10619
Summary Calendar

UNITED STATES OF AMERICA,

        Plaintiff-Appellee

v.

JOHN DAVID MCALLISTER,

        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-51-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

John David McCallister pleaded guilty to one count of theft of government money in violation of 18 U.S.C. § 641, and the district court sentenced him to 15 months of imprisonment—above the guideline range of zero to six months. He argues that the sentence was substantively unreasonable.

McAllister seeks to preserve for potential future review his claim that the substantive reasonableness of his sentence should be reviewed for an abuse of discretion despite his failure to object in the district court, but he concedes that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our precedent forecloses this claim and requires the application of the plain error standard. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, McAllister must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

McAllister argues that the guideline range adequately accounted for his conduct. However, the range did not reflect the fact that he placed his fellow police officers in danger. *See* U.S.S.G. §§ 2B1.1(a)(2), 3B1.3. Although McAllister also argues that the sentence was greater than necessary because he was less likely to reoffend given his age, a sentence must be sufficient under 18 U.S.C. § 3553(a)(2)(B) "to afford adequate deterrence to criminal conduct." *See also* § 3553(a)(2)(A) ("to promote respect for the law"). In addition to other reasons given by the district court in explaining the 15-month sentence, the court found that a substantial sentence was necessary in order to deter other law enforcement officers from committing similar offenses.

AFFIRMED.